By the Court:
The motion to set aside the levy was addressed to the sound discretion of the court below. They were at liberty to grant or reject it. If they were satisfied that the property was protected from execution, they had power to set the levy aside; but if they entertained doubts on the question, or on any other connected with the subject, it was their prudent course to overrule the motion, and leave the party to his remedy by suit. If the court had been satisfied, which seems to have boon the case, that the property was exempt, yet they might have believed, from other circumstances, that it was not prudent to decide the case in a summary way on ex parte testimony. If the applicant was injured, he had a remedy by suit, and it was discretionary with the court, under all the circumstances of the case, whether they would leave him to that remedy, or relieve him on his motion. Other persons were also concerned, whose rights the court wore bound to respect, and whose safety might have required time and an investigation before a jury.
*254 Rut we disclaim the right of controlling the discretion of the court of common pleas in a case like this.
independent of these considerations, it does not appear that the common pleas have done any act of which the plaintiff complains, and which the court can reverse. They have refused to make an order. If they were bound to make that order tho remedy of the party injured is not by certiorari.